Steven L. Yarmy, Esq.
Nevada Bar No. 8733
2595 S. Torrey Pines Drive
Las Vegas, NV 89146
(702) 967-0442
(702) 586-3690 FAX
sly@stevenyarmylaw.com
*Attorney for the Debtor
 and Debtor-in-Possession*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| IN THE MATTER OF:<br><br>NATIVE ENERGY FARMS, LLC,<br><br>          Debtor | Case No.: 14-13482-ABL<br><br>Chapter 11 |

**OMNIBUS DECLARATION OF SHAUN MARTIN**

**FILED IN SUPPORT OF FIRST DAY MOTIONS AND IN SUPPORT OF CONFIRMATION**

SHAUN MARTIN makes the following declaration and hereby deposes and declares under penalty of perjury:

1. I am over the age of 18, am mentally competent, and if called upon to testify as to the statements made herein, could and would do so.

2. I am the Managing Member of the Debtor, Native Energy Farms, LLC, a Nevada limited liability company and have served in this capacity since April 2013.

3. I make the following statements based upon my personal knowledge, belief and where applicable, upon the business records of Debtor, in support of the Motions filed by Native Energy Farms ("NEF"), debtor and debtor in possession, on the first day of the above captioned pre-packaged chapter 11 bankruptcy case. All statements containing legal conclusions herein are based on advice from counsel.

**Debtor's Capital Structure**

4.     NEF is a limited liability company formed under the laws of the state of Nevada.

5.     NEF's membership interest is held 51% by Kote Lotah and 49% by Shaun Martin. This structure of NEF is not complicated.

**Debtor's Business Operations.**

6.     The Debtor owns real property consisting of 76.66 acres of vacant land in Goleta, California in the county of Santa Barbara.

7.     Prepetition the Debtor had hired numerous consultants for the building of modular distillation units manufactured by JA Energy for the production of ethanol hoping to capitalize on the tax credits available for California and from the Federal government. The market analysis and feasibility studies done proved this project not to be profitable. The Debtor expended the loan borrowed from SMI/ISC for this project and operating capital. When the debtor defaulted on the SMI Note, the debtor determined that the best and highest use for this property was to split into two 38 acre parcels and build two custom homes and sell them as mini ranches.

**Events Leading Up to Bankruptcy.**

8.     The Debtor's only asset is Vacant Land in Goleta, California, which is a 76.88 acres single parcel with Pacific Ocean views and beach access known as APN: 081-140-23-00. The Property was originally held in trust by the Coastal Band of Chumash Nation, a California Non Profit Corporation for Kote Lotah and then transferred to the Southern Chumash Owl Clan, a California Unincorporated Association, its President is Kote Lotah. The Debtor and the Southern Chumash Owl Clan through its President, Kote Lotah entered into a Joint Venture Agreement/Operating Agreement wherein the Southern Chumash Owl Clan would retain 51% interest in the Property and the Debtor would retain 49% interest in the Property. The Debtor under the Agreement is to develop the Property and split the Profits 51/49 when the Property sells.

9. The Debtor is the owner of certain real property totaling 76.66 acres located in Goleta, California along the Pacific Coast Highway (the "Property"). The Property is free and clear of liens and encumbrances and has a current market value of $8-11 million, when developed. The valuation is determined by recent sales of similar property with a small ranch style home.

10. On April 13, 2013, the Debtor borrowed $1,100,000.00 from SMI/ISC, Inc., as an unsecured promissory note. Because finding a development loan took so long SMI/ISC lost trust in the Debtor's management and was getting impatient because there appeared to be little progress on the Property. However, the Debtor has spent the funds from SMI/ISC on consultant's appraisers, and contractors to improve the existing well and electrical, and the grading of a road and general clearing as well as operating capital.

11. The Debtor defaulted under the terms of the Note on November 1, 2013. SMI/ISC, Inc., the Debtor's single largest creditor threatened to bring suit and attach its judgment to the Property and conduct a sheriff's sale unless an amicable resolution was thought out. The Debtor and SMI/ISC have come to an agreement wherein, the Debtor would file a pre-packaged plan and SMI/ISC would take a subordinate position to the DIP lender and be repaid it's the funds lent and receive 20% of the profit when the parcel and/or lots sell. Prior to these negotiations, the Debtor was actively pursuing a hard money loan and there were very few lenders loaning against unimproved land within the California Coastal Commission zoning area because of various restrictions and the slow process to gain permits. The Planning process alone, to get the parcel split and build takes approximately 18-24 months.

12. The Debtor is in need of a priming lien under 11 U.S.C. § 364(d)(1) in order to split the parcel into two lots of 38 acres each and build two homes with outbuildings. The priming lien will serve as collateral for the promissory note (the "Note") in the amount of $2,000,000 or more from Golden Bear Capital or a substitute lender (the "DIP Lender"). The DIP Lender requires a priming lien

because the lender wants added security in making an additional loan to the Debtor under a Plan so as to avoid any potential for future litigation.

### Motion For Order (A) Not to Convene Meeting of Creditors or Equity Interest Holders Pursuant to 11 U.S.C. § 341 and (B) Setting Bar Dates[1]

13. Prior to the Petition Date, as described herein, Debtor engaged in negotiations over the terms of a financial restructuring with its core Creditor group, which is SMI.

14. On March 7, 2014, in accordance with pre-negotiated terms of the Plan, Debtor commenced a solicitation of votes from all Classes entitled to vote under the Bankruptcy Code. The Plan has been accepted by Class 1 and 2 in excess of the statutory thresholds specified in section 1126(c) of the Bankruptcy Code.

15. Class 3 (Equity Interest) are deemed to have accepted the Plan. Debtor believes it has satisfied the requirements of section 1129(b) of the Bankruptcy Code and intends to seek confirmation of the Plan on an Order Shortening Time. Holders of Interests will also not receive a Distribution until the property sells and will only receive a distribution if there is money available after all Plan debts have been paid in full.

### EX PARTE MOTION OF THE DEBTOR FOR AN ORDER PURSUANT TO SECTIONS 341(e), 1125(g), 1126(b), (f) AND (g), 1128, 1129(a) AND 105(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002, 3017 AND 3018 (I) SCHEDULING COMBINED HEARING TO (A) APPROVE DISCLOSURE STATEMENT AND (B) CONFIRM THE PREPACKAGED PLAN OF REORGANIZATION; (II) APPROVING THE SOLICITATION AND VOTING PROCEDURES, INCLUDING THE FORMS OF BALLOTS, AND (III) APPROVING THE FORM, MANNER AND SUFFICIENCY OF NOTICE OF SUCH COMBINED HEARING

16. The Parties believed that a pre-packaged plan of reorganization was the best alternative for maximizing value for several important reasons. First, if SMI did not restructure the Note and, instead, brought suit against NEF, the litigation could be lengthy and would ultimately increase

---

[1] All capitalized terms in Section I not otherwise defined in Section I shall have the meaning ascribed in the Motion For Order (A) Not to Convene Meeting of Creditors or Equity Interest Holders Pursuant to 11 U.S.C. § 341

expenses for both sides rather than an orderly Plan. SMI would then own a piece of land that would recover very little in a forced sale rather than wait for the property to sell and develop the property to increase its maximum value. SMI stands to further benefit by NEF offering a 20% stake in the profits before NEF takes any distribution. Finally, in order for the property to preserve its value, an experienced real estate developer must perform the pre-development entitlement work that is necessary and reasonable to prepare the property for sale. SMI simply does not have that experience. A prepackaged confirmed Plan was the only manner to resolve all of these issues and maximize the value of the Property and for NEF's creditors.

**CAUSE FOR AN EX PARTE MOTION AND ORDER SHORTENING TIME**

17. It is my belief that cause exist to shorten the time pursuant to Local Rule 9006 for an order shortening time for confirmation of this case because all affected creditors in the Plan have voted to accept the pre-packaged plan. Thus, there is no reason to delay confirmation of the Debtor's Plan.

18. NEF has proposed the Plan in good faith in an effort to avoid litigation and a forced Sherriff's sale.

19. I have no affiliates and have not retained any insiders who have not previously been disclosed to the Court.

20. NEF is not subject to any retirement plan obligations.

21. NEF is not obligated under any Domestic Support Obligations.

22. I believe the Plan is feasible and all claim holders entitled to vote on the Plan have accepted the pre-packaged plan thus the Plan should be confirmed.

///

///

///

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: May 16, 2014

**/s/ Shaun Martin**
Shaun Martin
Managing Member
Of Debtor

## CERTIFICATE OF SERVICE

Pursuant to Fed.R.Bankr.P. 2002 and LR 2002, I certify that on May 16, 2014, I deposited a true and correct copy of the foregoing through the:

**CMECF System:**

U.S. TRUSTEE - LV - 11
USTPRegion17.lv.ecf@usdoj.gov

**United States First Class Mail to:**

NATIVE ENERGY FARMS, LLC
1132 Castle Point Ave
Henderson, NV 89074

Coastal Band of the Chumash Nation
Attn: Venise Miller
4700 Arizona Ave
Atascadero, CA 93422

County of Santa Barbara
Treasurer - Tax Collector
PO Box 579
Santa Barbara, CA 93102

Dept. of Employment, Training & Rehab
Employment Security Division
500 East Third Street
Carson City, NV 89713

GLOBAL GUIDANCE GROUP, LLC
428 BRIGHT MOON AVENUE
North Las Vegas, NV 89084

Internal Revenu Service
PO BOX 7346
Philadelphia, PA 19101-7346

Kote Lotah
48825 SAPAQUE VALLEY ROAD
Bradley, CA 93426

NEVADA DEPT OF TAXATION
BANKRUPTCY SECTION
555 E WASHINGTON AVE

1 | #1300
2 | Las Vegas, NV 89101
3 | Securities and Exchange Commission
  | Attention Bankruptcy Counsel
4 | 5670 Wilshire Blvd Fl 11
  | Los Angeles, CA 90036
5 |
6 | SMI/ISC CORPORATION
  | Attn: Carrie Flodter - President
7 | 4295 S FORT APACHE
  | Suite 130
8 | Las Vegas, NV 89147
9 | State of NV Dept. of Motor Vehicles
  | Attn: Legal Division
10 | 555 Wright Way
11 | Carson City, NV 89711
12 | State of NV, Dept of Employment
   | 500 E. Third Street
13 | Carson City, NV 89713
14 |
15 | /s/ Chris Craig
   | Law Clerk
16 |
17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |